Filed 11/22/23  P. v. Camarillo CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARCOS CAMARILLO,<br><br>    Defendant and Appellant. | B325716<br><br>(Los Angeles County<br>Super. Ct. No. SA034055-02) |

THE COURT:

Marcos Camarillo appeals the order of the superior court denying his postjudgment petition for resentencing under Penal Code[1] section 1172.6.[2]  We appointed counsel to represent Camarillo on appeal.  After examination of the record, counsel

---

[1] Undesignated statutory references are to the Penal Code.

[2] Camarillo petitioned the court pursuant to section 1170.95.  Effective June 30, 2022, that section was renumbered section 1172.6, with no change in the text.  (Stats. 2022, ch. 58, § 10.)

filed an opening brief raising no issues and requesting that we exercise our discretion to independently review the record for arguable issues pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, 228–232 (*Delgadillo*) and *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

Camarillo filed a supplemental brief in which he argues the superior court erred in finding him ineligible for relief under section 1172.6 as a matter of law and denying his petition for resentencing. Camarillo also filed a letter brief claiming that appointed appellate counsel was ineffective for failing to raise any issues or otherwise challenge the superior court's denial of his section 1172.6 petition.

We affirm the superior court's denial of Camarillo's petition for resentencing under section 1172.6, and reject his claim of ineffective assistance of appellate counsel.

## FACTS AND PROCEDURAL BACKGROUND[3]

On October 18, 1998, Camarillo and codefendant Alex Acuna were driving a stolen vehicle. Shots were fired from Camarillo's vehicle at Jaime Cruz, who was in another car. Cruz sustained several gunshot wounds and underwent surgery.

Following a jury trial, Camarillo and Acuna were convicted of willful, deliberate and premeditated attempted murder (Pen. Code, §§ 664/187, subd. (a)), shooting at an occupied motor vehicle (Pen. Code, § 246), and the unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)), with true findings as to

---

[3] The brief summary of facts is drawn from this court's unpublished decision in Camarillo's direct appeal from his conviction. (*People v. Alex Istok Acuna et al.* (Feb. 27, 2002, B142948) [nonpub. opn.] (*Acuna*).)

2

the attempted murder and shooting at an occupied vehicle that a principal was armed with assault weapons and that a principal used and discharged a firearm causing great bodily injury (Pen. Code, §§ 12022, subds. (a)(1), (a)(2), 12022.53, subds. (b), (c), (d), (e)(1)).  As to all three counts, the jury also found that the offenses were committed in association with a criminal street gang.  (Pen. Code, § 186.22, subd. (b)(1).)  Camarillo admitted he was on bail at the time of the offenses.  (Pen. Code, § 12022.1.)  The trial court sentenced Camarillo to life in prison with consecutive terms of 25 years to life and six years.  This court affirmed the judgment in an unpublished opinion filed February 27, 2002.  (*Acuna, supra*, B142948.)

On June 1, 2022, Camarillo filed a petition for resentencing under former section 1170.95.[4]  The prosecution filed an opposition to which Camarillo filed a reply.  The matter came on for prima facie review on September 26, 2022.  The superior court denied the petition on the ground that Camarillo had failed to make a prima facie case of eligibility for relief under section 1172.6 as a matter of law.

## DISCUSSION

Because the instant appeal is not from his conviction, Camarillo is not entitled to our independent review of the record pursuant to *Wende, supra,* 25 Cal.3d 436 or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S.

---

[4] Acuna filed a petition for resentencing under former section 1170.95 on January 19, 2022.  At the prima facie review hearing on September 26, 2022, the superior court considered the two petitions together.  Acuna and Camarillo filed timely notices of appeal, but pursuant to Acuna's request, Acuna's appeal was dismissed.

3

738. (*Delgadillo, supra,* 14 Cal.5th at p. 227 ["Courts below have uniformly agreed that *Wende* procedures are not constitutionally required on an appeal from a denial of a postconviction petition under section 1172.6"]; *People v. Kelly* (2006) 40 Cal.4th 106, 119 [independent judicial review mandated by *Anders* applies only to first appeal as of right]; see also *Pennsylvania v. Finley* (1987) 481 U.S. 551, 559.)

However, although "[t]he filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues," we are required to address the contentions Camarillo raises in his supplemental brief. (*Delgadillo, supra,* 14 Cal.5th at p. 232 ["the Court of Appeal is required to evaluate the specific arguments presented in [the supplemental] brief and to issue a written opinion"].)

## I. The Superior Court Correctly Determined that Camarillo Is Ineligible for Section 1172.6 Relief as a Matter of Law

Camarillo argues the superior court erred in denying his petition for resentencing because the jury did not find that he personally discharged a firearm and there was no "concrete evidence" directly linking him to the act of personally discharging a firearm to establish malice. He thus contends that the jury could have convicted him of attempted murder on a theory of natural and probable consequences based solely on his participation in the offense, and he is entitled to an evidentiary hearing in accordance with section 1172.6, subdivision (d).

We disagree. Camarillo was convicted of willful, premeditated and deliberate attempted murder, which required the jury to find he personally harbored the intent to kill. As the superior court found, there was no instruction on the natural and

4

probable consequences doctrine or any other theory which might have allowed the jury to impute malice to Camarillo. Camarillo was thus ineligible for relief under section 1172.6 as a matter of law, and the superior court properly denied his petition for resentencing.

## A. *Applicable legal principles*

The Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.) in 2018, effectively abolishing the natural and probable consequences doctrine in cases of murder and limiting the application of the felony-murder doctrine. (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) With one narrow exception (§ 189, subd. (f)), Senate Bill No. 1437 effectively eliminated murder convictions premised on any theory of imputed malice—that is, any theory by which a person can be convicted of murder for a killing committed by someone else, such as felony murder or the natural and probable consequences doctrine—unless the People also prove that the nonkiller defendant personally acted with the intent to kill or was a major participant who acted with reckless disregard to human life. (§§ 188, subd. (a)(3) & 189, subd. (e).) Specifically, the Legislature amended section 188 to require that, when the felony-murder rule does not apply, a principal in the crime of murder "shall act with malice aforethought" and "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); *People v. Gentile* (2020) 10 Cal.5th 830, 842–843 (*Gentile*).) Effective January 1, 2022, Senate Bill No. 775 amended section 1172.6 to expand its coverage to individuals convicted of "attempted murder under the natural and probable consequences doctrine." (§ 1172.6, subd. (a); *People v. Saibu* (2022) 81 Cal.App.5th 709, 747.)

5

Senate Bill No. 1437 also enacted former section 1170.95 (now § 1172.6), which established a procedure for vacating the murder convictions of defendants who could no longer be convicted of murder because of the amendments to sections 188 and 189.  (Stats. 2018, ch. 1015, § 4; *Lewis, supra,* 11 Cal.5th at pp. 957, 959, 971; *Gentile, supra,* 10 Cal.5th at p. 843.)  Section 1172.6, subdivision (c) requires the court to appoint counsel when requested upon the filing of a properly pleaded petition for resentencing.  (*Lewis,* at pp. 963, 966.)  The court must then conduct a prima facie analysis with briefing to determine the petitioner's eligibility for relief, and, if the requisite prima facie showing is made, issue an order to show cause.  (§ 1172.6, subd. (c); *Lewis,* at p. 971; *People v. Nieber* (2022) 82 Cal.App.5th 458, 469–470.)

We review de novo whether the trial court properly denied an appellant's section 1172.6 petition without issuing an order to show cause.  (*People v. Coley* (2022) 77 Cal.App.5th 539, 545 (*Coley*); *People v. Harrison* (2021) 73 Cal.App.5th 429, 437.)

## B. *Camarillo fails to make a prima facie showing of eligibility for relief under section 1172.6, subdivision (c)*

No instructions on a natural and probable consequences theory of liability were given to the jury in this case.  Nevertheless, Camarillo contends his "conviction was based solely on participation under the natural and probable consequences doctrine" because (1) the jury found only that a *principal* in the attempted murder, not Camarillo *personally,* discharged a firearm which caused great bodily injury under section 12022.53, subdivisions (d) and (e)(1); and (2) the jury was instructed with CALJIC No. 2.09, a defective instruction that

permitted the jury to consider gang evidence to identify the perpetrator(s), and thereby supported conviction for attempted murder on a theory of imputed malice. These claims lack merit. None of the jury instructions allowed the jury to convict Camarillo of "attempted murder under the natural and probable consequences doctrine" (§ 1172.6, subd. (a)), or any other theory of imputed malice. Camarillo is thus ineligible for relief under section 1172.6 as a matter of law. (*Coley*, *supra*, 77 Cal.App.5th at pp. 542, 548.)

> 1. *Because Camarillo was not convicted of attempted murder under the natural and probable consequences doctrine, he is ineligible for relief*

As amended by Senate Bill No. 775, section 1172.6, subdivision (a) provides: "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, *attempted murder under the natural and probable consequences doctrine*, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts." (Italics added.)

When construing a statute, our fundamental task is to ascertain the Legislature's intent so as to give effect to the law's purpose. (*Lewis*, *supra*, 11 Cal.5th at p. 961; *People v. Gonzalez* (2017) 2 Cal.5th 1138, 1141.) We start by determining whether the language of the statute is ambiguous (*People v. Dieck* (2009) 46 Cal.4th 934, 940), examining its words and giving them a plain and commonsense meaning (*Gonzalez*, at p. 1141). " ' "If there is no ambiguity in the language, we presume the

7

Legislature meant what it said and the plain meaning of the statute governs." ' " (*Dieck*, at p. 940.)

According to the plain language of section 1172.6, a person convicted of attempted murder is eligible for relief only if that conviction was based on the natural and probable consequences doctrine. (*Coley*, *supra*, 77 Cal.App.5th at p. 548 ["Section [1172.6] applies by its terms only to attempted murders based on the natural and probable consequences doctrine"].) Where, as in this case, the instructions did not permit the jury to convict appellant of "attempted murder under the natural and probable consequences doctrine" (§ 1172.6, subd. (a)), appellant is ineligible for relief under section 1172.6 as a matter of law. (*Coley*, at p. 548 [defendant convicted of attempted murder not entitled to § 1172.6 relief because the jury was not instructed on the natural and probable consequences doctrine]; see also *People v. Offley* (2020) 48 Cal.App.5th 588, 599 ["if the jury did not receive an instruction on the natural and probable consequences doctrine, the jury could not have convicted the defendant on that basis, and the petition should be summarily denied"].)

   *2. Camarillo was not convicted of attempted murder as an aider and abettor under any theory of imputed malice*

Even if section 1172.6 relief were available for an attempted murder conviction based on some other theory of imputed malice, Camarillo would still be ineligible because his jury was not instructed on *any* theory of imputed malice. Rather, the only theory on which Camarillo's jury was instructed was direct aiding and abetting of attempted murder, which does not qualify for section 1172.6 relief.

Specifically, the jury in this case was instructed that to prove attempted murder, each of the following elements must be

proved: "1. A direct but ineffectual act was done by one person towards killing another human being; and [¶] 2. The person committing the act harbored express malice aforethought, namely, a specific intent to kill unlawfully another human being." (CALJIC No. 8.66.)

The trial court instructed that "[p]ersons who are involved in committing or attempting to commit a crime are referred to as principals in that crime. Each principal, regardless of the extent or manner of participation is equally guilty. Principals include: [¶] 1. Those who directly and actively commit or attempt to commit the act constituting the crime, or [¶] 2. Those who aid and abet the commission or attempted commission of the crime." (CALJIC No. 3.00.) The jury was further instructed that "[a] person aids and abets the commission or attempted commission of a crime when he [¶] 1. With knowledge of the unlawful purpose of the perpetrator and [¶] 2. With the intent or purpose of committing or encouraging or facilitating the commission of the crime, and [¶] 3. By act or advice aids, promotes, encourages or instigates the commission of the crime." (CALJIC No. 3.01.)

Two other instructions ensured that in order to find Camarillo guilty of aiding and abetting the attempted murder with the requisite malice, the jury had to consider Camarillo's guilt separately from Acuna's. (CALJIC No. 17.00 ["You must decide separately whether each of the defendants is guilty or not guilty"].) The jury also had to find that Camarillo himself harbored the requisite intent to kill. (CALJIC No. 3.31 ["Unless this specific intent exists the crime or allegation to which it relates is not committed or is not true"].)

Under these instructions, in order to convict Camarillo of attempted murder as an aider and abettor, the jury necessarily

9

found Camarillo knew Acuna's criminal purpose to kill Cruz, *and* with the intent of committing, encouraging, or facilitating the attempted murder, Camarillo aided, promoted, encouraged, or instigated the attempted murders by his own words or conduct. When a jury has been instructed as Camarillo's jury was, our Supreme Court has declared that " 'the person guilty of attempted murder as an aider and abettor must intend to kill.' " (*People v. Nguyen* (2015) 61 Cal.4th 1015, 1054 (*Nguyen*), quoting *People v. Lee* (2003) 31 Cal.4th 613, 624; *People v. Gonzalez* (2012) 54 Cal.4th 643, 654, fn. 8.)

The instructions thus required Camarillo's jury to find that he personally shared the actual shooter's intent to kill. This finding constitutes a finding of express malice, which renders Camarillo ineligible for section 1172.6 relief as a matter of law. (See *People v. Medrano* (2021) 68 Cal.App.5th 177, 182–183.)

Camarillo nevertheless argues that CALJIC No. 2.09 permitted the jury to impute malice to him, and the absence of any finding that Camarillo personally discharged a firearm establishes that the jury did in fact impute malice to him. We disagree.

CALJIC No. 2.09 instructed the jury that "[i]n this case, gang evidence has been introduced for the following limited purposes only:  [¶]  (1) As evidence of the identity of the perpetrator or perpetrators of the crimes charged.  [¶]  (2) As evidence of the intent of the perpetrator or perpetrators of the crimes.  [¶]  (3) As evidence of the motive behind the commission of these crimes.  [¶]  Do not consider this evidence for any purpose except the limited purpose for which it was admitted."

Although he contends that the jury's consideration of gang evidence was "very prejudicial," Camarillo does not explain how

10

CALJIC No. 2.09 could have prompted the jury to impute malice to him in this case, nor does he cite language in section 1172.6 or any decisional authority for the proposition that the presentation of gang evidence creates an ambiguity as to whether intent may be imputed to the defendant. CALJIC No. 2.09 itself merely emphasized that gang evidence was introduced for a limited purpose and explained what that limited purpose was. Nothing in the instruction permitted the jury to impute malice to Camarillo. Rather, read together as a whole, the instructions required the jury to find that Camarillo personally acted with an intent to kill in order to convict him of attempted murder as an aider and abettor. (See *People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 433 (*Bryant et al.*) [" ' " [T]he correctness of jury instructions is to be determined from the entire charge of the court, not from a consideration of parts of an instruction or from a particular instruction' " ' "].)

Our Supreme Court has declared " '[i]t is fundamental that jurors are presumed to be intelligent and capable of understanding and applying the court's instructions.' [Citation.] ' "A defendant challenging an instruction as being subject to erroneous interpretation by the jury must demonstrate a reasonable likelihood that the jury understood the instruction in the way asserted by the defendant." ' " (*Bryant et al., supra,* 60 Cal.4th at p. 433.) We will not presume the jury misunderstood or failed to follow the court's instructions on the law. (*People v. Buenrostro* (2018) 6 Cal.5th 367, 431 [courts presume that "jurors understand and follow the instructions they are given"].)

Further, the fact that Camarillo was not specifically found to have personally discharged a firearm does not support a conclusion that the jury imputed malice to Camarillo in reaching

11

its verdict on attempted murder. In finding Camarillo guilty of attempted murder, the jury made multiple findings that a principal in the offense personally and intentionally used, was armed with, and discharged a firearm or firearms within the meaning of section 12022, subdivision (a)(1) and (2), and section 12022.53, subdivisions (b), (c), (d), and (e)(1). With respect to these allegations, the jury was instructed that *if it found a defendant*[5] *guilty of attempted murder*, it must further determine the truth of the firearm allegations. (CALJIC Nos. 17.19, 17.19.5, 17.15.) Because these instructions directed that the jury not even consider the gun enhancement allegations unless and until it found Camarillo guilty of attempted murder, there is no reasonable likelihood that the jury interpreted the gun enhancement instructions to allow it to impute malice to Camarillo. (See *Bryant et al.*, *supra,* 60 Cal.4th at p. 433.)

## II. Camarillo Fails to Show Prejudice Based on the Purported Ineffective Assistance of Appellate Counsel

Camarillo filed a letter brief in which he contends appointed appellate counsel has rendered constitutionally defective assistance for failing to raise any issues or otherwise challenge the superior court's denial of his section 1172.6 petition, and for effectively abandoning the appeal by failing to: communicate with Camarillo, send him a copy of appellant's opening brief, or mail him the record in the appeal. He requests: (1) an evidentiary hearing to examine the ineffective assistance of counsel in these appellate proceedings; (2) appointment of new appellate counsel; and (3) consideration of the issues that counsel

---

[5] CALJIC No. 1.11 instructed that "[t]he word 'defendant' applies to each defendant unless you are instructed otherwise."

12

failed to raise in the appeal from the superior court's denial of Camarillo's petition for resentencing under section 1172.6.

In light of our conclusion that the superior court correctly determined that Camarillo is ineligible for relief under section 1172.6 as a matter of law, Camarillo cannot establish prejudice based on his claim of defective representation by appellate counsel. In considering a claim of ineffective assistance of counsel, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." (*Strickland v. Washington* (1984) 466 U.S. 668, 697; *People v. Thompson* (2016) 1 Cal.5th 1043, 1101; *In re Crew* (2011) 52 Cal.4th 126, 150 ["[i]f a claim of ineffective assistance of counsel can be determined on the ground of lack of prejudice, a court need not decide whether counsel's performance was deficient"].)

We therefore find no merit to Camarillo's claim of ineffective assistance of counsel based on the filing of a no-issue brief on appeal.

**DISPOSITION**

The order of the superior court denying Camarillo's petition for resentencing under Penal Code section 1172.6 is affirmed.

NOT TO BE PUBLISHED.

_____

LUI, P. J.          ASHMANN-GERST, J.          CHAVEZ, J.